*Villa-Camacho v. Blanche*

BIA
Mungoven, IJ
A220 250 702

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

CESAR GONZALO VILLA-CAMACHO,
> *Petitioner,*

v.

23-6104 (L),
23-7226 (Con)
NAC

TODD BLANCHE, ACTING UNITED STATES
ATTORNEY GENERAL,

*Respondent.* *

_____

FOR PETITIONER:           Peter E. Torres, Esq., New York, NY.

FOR RESPONDENT:           Brian M. Boynton, Principal Deputy Assistant
                          Attorney General; Zoe J. Heller, Senior
                          Litigation Counsel; Erik R. Quick, Trial
                          Attorney, Office of Immigration Litigation,
                          United States Department of Justice,
                          Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of

Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED,

AND DECREED that the petitions for review are DENIED.

Petitioner Cesar Gonzalo Villa-Camacho, a native and citizen of Ecuador,

seeks review of (i) a January 9, 2023 decision of the BIA summarily dismissing his

appeal from a June 24, 2022 decision of an Immigration Judge ("IJ") as untimely,

and (ii) a September 26, 2023 decision of the BIA denying reconsideration of the

summary dismissal.   *See In re Villa-Camacho,* No. A 220 250 702 (B.I.A. Jan. 9, 2023

& Sept. 26, 2023), *summarily dismissing appeal from* No. A 220 250 702 (Immig. Ct.

N.Y. City June 24, 2022), *reconsideration denied*, No. A 220 250 702 (BIA Sept. 26,

2023).   We assume the parties' familiarity with the underlying facts and

_____

* The Clerk of Court is respectfully directed to amend the official case caption as set forth
above.

2

procedural history.

Our review is limited to the BIA's summary dismissal of the appeal and its denial of reconsideration. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 159 (2d Cir. 2005) ("When the BIA issues its own independent decision and does not adopt the IJ's decision, this Court reviews the decision of the BIA alone."). While we have not addressed the standard of review for summary dismissals in a published opinion, we decline to do so here because Villa-Camacho has failed to establish grounds for remand under any plausible standard. *See, e.g.*, *Atkinson v. Garland*, No. 21-6181, 2022 WL 2118360, at *1 (2d Cir. June 13, 2022). Finally, "[w]e review the denial of a motion to reconsider for abuse of discretion." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008).

## I.    Summary Dismissal of the Untimely Appeal

The BIA "may summarily dismiss any appeal . . . in any case in which . . . [t]he appeal is untimely." 8 C.F.R. § 1003.1(d)(2)(i)(G). A notice of appeal from an IJ's decision "shall be filed directly with the [BIA] within 30 calendar days after the stating of an [IJ's] oral decision," and is considered "filed" on the date it is received by the BIA. *Id.* § 1003.38(b), (c); *see also Attipoe v. Barr*, 945 F.3d 76, 79 (2d Cir. 2019). According to the BIA's record, Villa-Camacho submitted the Notice of Appeal on August 12, 2022, and remedied its defects on August 17, 2022. *See*

3

Certified Administrative Record ("CAR") at 19-20.   Since the notice of appeal was filed more than 30 days after the IJ's June 24, 2022 decision, the BIA was entitled to dismiss the appeal.   *See* 8 C.F.R. § 1003.38(b), (c).

No further discussion was required of the BIA because the documents Villa-Camacho filed with the notice of appeal did not establish timely filing.   The coversheet for the notice of appeal Villa-Camacho filed on August 17, 2022, following the notice that his August 12 filing was defective, included counsel's statement that the notice of appeal had been timely filed but did not "go through" the agency's electronic case management system ("ECAS").   CAR at 56.   But such unsworn statements by counsel are not evidence.   *See Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013) ("[T]he arguments of counsel are not evidence."). The receipt submitted merely reflected the payment of a *filing fee* before the deadline – and did not establish that the notice of appeal was filed before the deadline.

Villa-Camacho also submitted a screenshot of the ECAS system confirming that the payment had been made at step 3 of a 5-step process, with step 5 being review and submission of the notice of appeal.   But he presented no evidence that he timely completed the process and uploaded a notice of appeal to the ECAS system before the deadline – such as an email from the agency confirming that the

4

notice of appeal was successfully uploaded. *See* ECAS User Manual (Sept. 25, 2022) at 4–5, https://www.justice.gov/eoir/page/file/1300086/download (instructing that successful electronic filing involves "a three-step process" in which the user (1) uploads a document in accordance with filing requirements, (2) receives an email from the agency confirming successful upload, and (3) receives a second email from the agency confirming that the document was included in the electronic record of proceedings after review). Instead, he submitted a notice that the BIA had rejected as defective a notice of appeal that it received on August 12, 2022, which was after the filing deadline had expired.

Villa-Camacho does not cite any authority for his assertion that the BIA was required to inquire into the reasons for the late filing before summarily dismissing the appeal in the absence of a motion to accept the late filing. The filing deadline for a notice of appeal is not jurisdictional, but the BIA is only required to "consider the principles of equitable tolling when an untimely appeal is filed *and the petitioner raises the issue.*" *Attipoe*, 945 F.3d at 82 (emphasis added). And at the time the BIA dismissed the appeal, Villa-Camacho had not argued that he was entitled to tolling of the filing deadline. Accordingly, there was no error in the BIA's summary dismissal of Villa-Camacho's appeal as untimely.

## II.    Denial of Reconsideration

A motion for reconsideration must "identify errors of law or fact in the previous order."[1]    8 U.S.C. § 1229a(c)(6)(A).   To the extent that Villa-Camacho argues that the BIA abused its discretion in denying reconsideration because the record established that the notice of appeal was timely filed, we disagree.   In addition to the evidence discussed earlier, Villa-Camacho presented an affidavit from his attorney affirming that (i) counsel timely filed a notice of appeal in accordance with ECAS instructions on July 8, 2022, and (ii) counsel received the payment receipt after uploading the notice of appeal.   But in the absence of additional proof, the BIA was not required to credit counsel's claim that he timely filed a notice of appeal given that the payment receipt would have been issued *prior to* counsel's uploading the notice of appeal, and the August 17 rejection of Villa-Camacho's defective filing indicated that the notice of appeal was uploaded on August 12.

Villa-Camacho also argues that the BIA should have granted reconsideration because he was entitled to equitable tolling of the filing deadline,

---

[1] Villa-Camacho does not argue that the BIA erred in construing his motion – which was labeled as a motion for both reconsideration and reopening – as seeking only reconsideration.   *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (issues not raised in a petitioner's brief are abandoned).

6

and that the BIA erred in failing to address this issue in its reconsideration decision. But as noted above, Villa-Camacho did not seek equitable tolling *before* the BIA summarily dismissed his appeal, and reconsideration is limited to identifying errors in the prior decision. *Id.*; *see also Attipoe*, 945 F.3d at 82 (holding that BIA must only consider principles of equitable tolling when Petitioner raises the issue).

Villa-Camacho finally argues that he was entitled to reconsideration because the BIA violated due process by not informing him, prior to the filing deadline, that his notice of appeal was not successfully filed. As the government points out, that argument is unexhausted because it was not raised before the BIA. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (reaffirming that administrative exhaustion is "mandatory" when raised by the government); *Theodoropoulos v. INS*, 358 F.3d 162, 172–73 (2d Cir. 2002) (requiring administrative exhaustion of constitutional claims where agency could decide underlying issues of fairness of process). And because Villa-Camacho failed to present his due process argument to the BIA in the first instance, we may not review it here. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petitions for review are DENIED.  All pending motions and applications are DENIED and stays VACATED.[2]

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[2] It bears emphasizing that throughout this process, Villa-Camacho has been represented by retained counsel.  He is bound by counsel's acts and omissions.  However, if he makes the required showing, Villa-Camacho may be able to seek reopening of his immigration proceedings based on the ineffective assistance of counsel.  *Iavorski v. U.S. I.N.S.*, 232 F.3d 124, 134 (2d Cir. 2000) ("A motion to reopen immigration court proceedings traditionally has offered a vehicle to remedy cases in which ineffective assistance of counsel has resulted in the violation of [a person's] constitutional right to due process.").  We take no position here on the merits of such a claim.

Judge Sullivan would omit this footnote because, in his view, commenting on the possibility of an ineffective-assistance-of-counsel claim – that is not before this Court – "undermine[s]" our "role as impartial decisionmakers" and "run[s] the risk of being misleading" given the high bar required to prevail on such a claim.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).